IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMZAD LALANI and WENDY LALANI, Movants, | : : CRIMINAL ACTION NUMBERS : 1:02-CR-155-WBH-5 and : 1:02-CR-155-WBH-6 |
| v. | : : MOTIONS TO VACATE |
| UNITED STATES OF AMERICA, Respondent. | : 28 U.S.C. § 2255 : |

## ORDER

This matter is before the Court for consideration of the Report and Recommendation (R&R), [Doc. 610], in which the Magistrate Judge recommends that this Court deny Movants' 2255 motions, [Docs. 499, 501], but issue a Certificate of Appealability ("COA") on Movants' grounds claiming that counsel provided ineffective assistance with respect to Movants' decisions to proceed to trial rather than plead guilty. Both Movants have filed objections, [Docs. 612, 613], and this Court will thus perform a *de novo* review of those matters to which the Movants objected and a plain error review of the remainder of the R&R. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

As is noted by Movants, the question on remand from the Eleventh Circuit in this matter was "whether there was a reasonable probability that the Petitioners would have accepted a plea offer had their counsel successfully pursued a plea offer from the

AO 72A
(Rev.8/82)

government." United States v. Lalani, 315 Fed. Appx. 858, 861 (11th Cir. 2009). Judge Camp referred the matter to the Magistrate Judge for a hearing at which the Assistant United States Attorney, the Assistant United States Attorney's supervisor, both Movants, and Movants' trial counsel all testified. Following the hearing, the Magistrate Judge concluded that counsel was not deficient in pursuing a plea agreement or consulting with Movants regarding a potential plea agreement. The Magistrate Judge further concluded that, even to the degree that counsel was constitutionally ineffective, Movants could not demonstrate prejudice based on the Magistrate Judge's finding that Movants would not have pleaded guilty even if a plea agreement been offered.

Movants object, claiming that their lawyer was ineffective for failing to pursue a plea offer and for failing to fully inform them regarding the possibility of a plea deal. They further assert that the Magistrate Judge's factual determination regarding Movants' failure to demonstrate prejudice is contradicted by the record.

After *de novo* review, this Court concludes that, at least with respect to his prejudice determination, the Magistrate Judge was correct as to law and fact. This Court must accept the Magistrate Judge's findings of fact unless they are clearly erroneous and must defer to his credibility determinations unless they are not believable. United States v. Moore, 525 F.3d 1033, 1040 (11th Cir. 2008). While

AO 72A
(Rev.8/82)

Movants quibble regarding the Magistrate Judge's finding that they would not have pleaded guilty, they have not demonstrated that the finding was clearly erroneous or that his credibility determination regarding their testimony was not believable. Rather, Movants have offered nothing more than an alternative interpretation of the evidence presented at the hearing, [Doc. 612 at 5-6], which is insufficient to overcome the deference due to the Magistrate Judge's factual findings.

Accordingly, this Court may not disturb the finding that Movants would not have accepted a plea offer, and they cannot demonstrate prejudice under Strickland v. Washington, 466 U.S. 668 (1984).

This Court disagrees, however, with the Magistrate Judge that a COA should issue because reasonable jurists cannot debate the question of whether Movant has demonstrated prejudice – that he would have accepted a plea deal. As is noted above, this Court and subsequent reviewing courts must confer significant deference upon the Magistrate Judge's credibility determinations as the Magistrate Judge is the one who sat before the witnesses, looked them in the eye, heard their words and read their body language. Given that deference and the fact that Movants have failed to present compelling evidence that the Magistrate Judge's findings were wrong, no reviewing court could overturn the Magistrate Judge's finding that Movants failed to demonstrate that there was a reasonable probability that the Petitioners would have

accepted a plea offer.  Accordingly, no reasonable jurist can conclude that Movants demonstrated prejudice, and they cannot establish their claim of ineffective assistance of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that the R&R, [Doc. 610], is hereby **ADOPTED IN PART AND REJECTED IN PART** as the order of this Court.  Movants' 2255 motions, [Docs. 499, 501], are **DENIED**, and Movants' objections, [Docs. 612, 613], are **OVERRULED**.

This Court declines to issue a COA.

**IT IS SO ORDERED**, this  31  day of  January , 2011.

WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)